**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ANGELO LENA, | No. 15-15011 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-02498-JD |
| v. | |
| SAN QUENTIN STATE PRISON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

California state prisoner Michael Angelo Lena appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-

courts and due process claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo the district court's dismissal for failure to state a claim under 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Lena's access-to-courts claim was proper because Lena was represented by court-appointed counsel in his state criminal appeal. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (availability of court-appointed counsel satisfies the constitutional obligation to provide meaningful access to the courts).

The district court properly dismissed Lena's due process claim arising from unauthorized property deprivations because Lena had an adequate postdeprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court did not abuse its discretion in dismissing Lena's complaint without leave to amend because amendment would have been futile. *See*

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

15-15011